UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHANIE HAYES AND
DEWAYNE JAMISON

                    Plaintiffs,

v.                                              Civil Action No. _____

ABILITY RECOVERY SERVICES, LLC.

                    Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Stephanie Hayes is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Dewayne Jamison is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Ability Recovery Services, LLC is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff, Stephanie Hayes incurred a credit card debt with Kay Jewelers. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff, Stephanie Hayes thereafter defaulted on the subject debt.

13. That upon information and belief Defendant was employed to collect on the subject debt.

14. That in or about December of 2013, Plaintiff, Dewayne Jamison received a voice mail on his cellular telephone from the Defendant to have his girlfriend, Stephanie Hayes, contact them regarding a "legal matter" for her Kay Jewelers account.

15. That in or about December of 2013, Plaintiff, Dewayne Jamison contacted the Defendant and spoke to Defendant's representative, Jim Evans. Defendant asked Dewayne who he was and how was he related to Plaintiff, Stephanie Hayes. Dewayne stated he was Stephanie's boyfriend. Defendant claimed he couldn't speak to him and to have Stephanie contact him. Defendant told him that if Stephanie didn't respond, he would send the sheriff to her home.

16. That on December 6, 2013, Plaintiff, Stephanie Hayes contacted the Defendant after being told by Dewayne Jamison of the above conversation with the Defendant. Stephanie informed the Defendant that she currently did not have any money but could make a payment in two weeks. Defendant told her if she didn't pay, he would send the sheriff to her home. Defendant then stated that they would take her to court and she would pay triple the amount of the debt as well as court fees. Defendant also stated that her Section 8 benefits would be taken away if they take her to court.

17. That on December 6, 2013, a few minutes after the above conversation, Plaintiff, Dewayne Jamison, with Stephanie's permission, called the Defendant to set up a one-time payment of $50.00. The arrangement with the Defendant was for this $50.00 to be a one-time payment and then Stephanie would make another payment of $100.00 on January 16, 2014 through her bank account.

18. That in or about January 16, 2014, Defendant withdrew $100.00 payment from Dewayne's bank account. Plaintiff, Dewayne Jamison never authorized any other payments to the Defendant other than the previous $50.00 payment.

19. Since January, 2014, Defendant has contacted Plaintiff, Dewayne Jamison several times, leaving voice messages to him regarding paying the subject debt. That said voice messages threatens legal action against Plaintiff Stephanie Hayes and instructs her to have her attorney call Defendant.

20. That in or about March 6, 2014, Defendant sent a letter to Plaintiff, Stephanie Hayes that her account has been forwarded to their legal department for review. It also states that she needs to make a payment within 10 days of the letter to avoid further legal review.

21. That despite Defendant's statements, they had not been authorized by Kay Jewelers to pursue legal action against Plaintiffs, and did not intend to do so.

22. That in other conversations and or message left with Plaintiffs, Defendant failed to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

23. That Plaintiff, Stephanie Hayes has not received any letters from Defendant within 5 days of initial contact in regards to the subject debt.

24. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiffs repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence Plaintiff Stephanie Hayes alleged subject debt to Plaintiff Dewayne Jamison.

    B. Defendant violated 15 U.S.C. §1692f(5) against Plaintiff, Dewayne Jamison by taking $100 in an unauthorized withdrawal of money from Plaintiff's Dewayne Jamison's bank account.

    C. Defendant violated 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3), 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1) by continuously calling Plaintiff Dewayne Jamison in order to have him pay Plaintiff, Stephanie Hayes's alleged subject debt.

D. Defendant violated 15 U.S.C. §1692e. 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) against Plaintiff, Stephanie Hayes by stating that they would have the sheriff sent to her home if she did not pay the debt, by stating that that they would take her to court and she would pay triple the amount of the debt as well as court fees, by stating that her Section 8 benefits would be taken away if they take her to court, by threatening her with legal action and that she needed to have her attorney call Defendant, and by stating that the matter will be forwarded to legal department if she doesn't pay in 10 days

E. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning when speaking to Plaintiff Stephanie Hayes and by asking Plaintiff Dewayne Jamison to pass a message to Plaintiff Stephanie Hayes to have her call Defendant.

F. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff Stephanie Hayes consumer a 30-day validation notice within five days of the initial communications.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 21, 2014

/s/ Seth J. Andrews, Esq.
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
         khiller@kennethhiller.com
